FRANK E. GRAVES and KING JAZZ AND HIS ORCHESTRAS, INC., Plaintiffs, *v.* PAUL WHITEMAN, Defendant.

Supreme Court, Albany County, March, 1933.

*Louis F. O' Neill* [*John DeGraff* of counsel], for the plaintiffs.

*Gilbert & Gilbert,* for the defendant.

SCHENCK, J. The defendant moves for judgment dismissing the complaint herein on the ground that it does not state facts

sufficient to constitute a cause of action. While the motion is made on the complaint and answer, only the complaint may be considered, and all of the material allegations therein contained must be considered admitted and taken as true, and every reasonable inference to be drawn therefrom must be resolved in favor of the pleading. Denials contained in the answer or statements contained in affidavits cannot be here considered, hence the determination of the issue raised is confined to the sufficiency of plaintiff's allegations as set forth in his complaint. What the evidence in a trial may show or what the allegations set forth in papers submitted on a former motion for a temporary injunction may indicate, has no bearing on the issue here submitted, and the fact that the plaintiff failed to establish his right to injunctive relief is not an adjudication of the merits of the alleged cause of action. The complaint alleges that the plaintiff is a professional musician, an orchestra leader; that some time years ago he became locally known as the leading exponent of jazz music, and in 1915 the name " King Jazz " was applied to him and about that time adopted by him; that since 1915 he has conducted his business exclusively under the names " King Jazz," " King Jazz and His Orchestras," "King Jazz Himself and His Orchestras," and " King of Jazz and His Orchestras;" that he has played musical engagements under such designations in various States, including New York, Massachusetts, New Hampshire, Connecticut and Vermont.

That in 1924 he was incorporated in the State of New York under the name of " King Jazz and His Orchestras, Inc.," and thereafter by publicity and advertising exploited the name of " King Jazz " and " King Jazz and His Orchestras," and thereby built an exclusive and valuable good will in connection with such names and business; that since 1915 in the exploitation of these names and his business, he has played at radio stations for electrical transcriptions and has had engagements in the States heretofore mentioned, and in addition in the States of Ohio and Pennsylvania, and in Canada; that by the use of these names the plaintiff has become known to the musical profession and public, and that these names thereby acquired a meaning distinctive to the plaintiff and his orchestras.

Plaintiff further alleges in his complaint that the defendant herein since 1930 has appropriated and advertised himself and his orchestras under the name of " King Jazz," and particularly so throughout the territory in which the plaintiff has appeared; that such use by the defendant has misled and deceived the public and in substance created a competition against the plaintiff with the alleged result

that the plaintiff's good will and business reputation had been injured and damaged thereby. The complaint seeks a judgment of injunction and damages.

A person's right to a distinct designation may be established under the doctrine of secondary meaning, and he may through user become entitled to protection against infringements especially when such use by another results in unfair competition. (*Kayser & Co.* v. *Italian Silk Underwear Co.*, 160 App. Div. 607; *Fishel & Sons* v. *Distinctive Jewelry Co.*, 196 id. 779; *Albany Packing Co.* v. *Crispo*, 227 id. 591; affd., 253 N. Y. 607.) The existence or the extent of the right, if any, thus acquired, depends upon the proof of facts which plaintiff must establish upon the trial. The decisions of our courts indicate the character of the evidence necessary to sustain such a cause of action, and it is not necessary here to refer to the elements of proof essential for the plaintiff to make out his case. I do hold, however, that proof of the allegations contained in the complaint may establish a cause of action and that the issue presented on this motion cannot be disposed of on the theory that there will be a failure of such proof.

Order may be entered denying the motion, with ten dollars costs.